PbabsoNj 0. J.
The. petitioner alledges he has put in a substitute for the war and is not liable to conscription, but was arrested and detained as a conscript by the enrolling officer, and prays for a special writ to the Sheriff to take his body and have it on the return, and to summon the enrolling officer to show the cause of his arrest and detention, under the act of the Legislature, 1882, oh. 46, on the averment that adequate relief may not be afforded by directing the writ to the enrolling officer, for he believes the officer will not return his body.
If the act of Congress suspending the privilege of the' writ of habeas corpus embraces the case, and if Congress has power to snspend the writ in such eases, the petitioner is n»t entitled to the special writ, ns it would he doing indirectly what cannot he done directly ; otherwise he is, for unless the body be -returned, adequate relief cannot be given ; so that is the question ; and as it is new I directed notice of the application to he given to the enrolling officer and requested an argument. *
*142 It was insisted by Mr. Furches, on the part of the petitioner', that the act of Congress only applies to the case of persons lawfully arrested and afterwards detained.’'as prisoners by a special order of, the President or'Secretary ■of War. The. effect-being simply to deprive persons detained as prisoners, under such circumstances, of the privilege of the writ whereby to be discharged, if a probable cause is not shown, or admitted to bail if the offence be a- bailibl'e -one ; and to enable the President or Secretary of War to have them detained as' prisoners without further enquiry on the part ot the Judiciary until the case is tried ; and that the suspension does not have the effect of enabling the President or Secretary of War to Cause citizens to be arrested illegally, as by general order, or by military officers, or to' delay the trial.' In support ©f this position he relied on this clause of the Con. stitution : “ The right of the people to be secure in their persons, &c., against unreasonable searches and seizures shall not-be violated, and no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized ’ ’ as qualifying and restricting the power to suspend the privilege of the writ of habeas corpus ; so that Congress lias not the power to authorize the President or Secretary%f War to issue a general order to military or other officers to arrest.and detain, as prisoners, any persons who may be charged or be suspected, by these subordinate ministeriakofficers, to be guilty of any of the offences specified, or even a special order for the ar~" rest of any particular individual ; but that the arrest muqt be made under a warrant issued by a 'Judicial- officer upon probable cause., supported by oath and particularly describing the person to be' seized; that otherwise this and other principles of liberty solemnly announced in the Constitution'for the-purpose .of restricting the power of *143 Congress, may be annulled, and made of no effect, the Jndiciary ignored as.a co-ordinate branch of our government, and tbe-Executive invested with absolute power to imprison any citizen at discretion. In other words, the President would be a dictator — that the act would not have been passed for any such purpose, and if it was, it is unconstitutional and void. , ■
There was no argument on the side of the enrolling officer. I infer (see General Order 31, March 10th,) the Secretary of War insists thát the effect of the suspension is to impower the President or the Secretary of War, by General or Special Orders to authorize the arrest and detention as a prisoner of any person for any of the causes specified, and to suspend all inquiry by the judiciary, in regard to tho legality of the arrest, or the cause of it.
'There is certainly a wide difference of opinion as to the effect of the suspension and one not easy of solution. It would 'be a matter for regret if the bill passed under a misapprehension in regard to. the effect of a’suspension of the privilege of the writ. But it is not necessary for the purpose of this case that I should form or express an opinion @n that question ■ for it will be conceded that whether a case'is embraced by the act or hot, is a question of law for the courts, and 1 have a clear conviction that.the clause authorizing the suspension of the privilege of the writ dees not apply to the case before me, which is an application for a civil remedy to assert a private right under a contradi, the party nht being charged with the commission of, or an intention to commit, any crime.
There are several kinds of writs of -habeas corpus. Bacon Air-, title habeas corpus. 1. Habeas Corpus ad sub-jiciendum which is the main writ called the* “writ of right”' “ the bulwark of liberty ” and by way of pre-eminence “ the writ of habeas corpus ” which a person who stands committed 6r detained as a prisoner for -any crime may *144 obtain from a Court at common law, or á single Judge in vacation time by 31 Charles, II ch. 2 Rev. Code, ch. 55, sec. 1, on which the matter will be enquired of and the prisoner discharged, bailed or remanded. 1. A writ of habeas corpus for a civil cause, when' the right, to .the eus-tody or services of a person is contested, and he is imprisoned or otherwise restrained of his liberty for any other cause than the commission of the criminal offence. At common law in such cases .a writ homine replegiando ” may be sued out — that is an original writ and tinder it the .body is replevied subject' to the decision of the Court, Fitz Herbert, N. B. 68, E. Comyns Dig. pleader. 3. K. 1—imprisonment L. 4. '“.So a man unlawfully detained in custody may have'-homine replegiando, Si non Gaptus sit per precepium, regis, (that is not imprisoned for crime.) 2 Inst. 55. This is a civil suit to determine the right to the custody. Homine replegiando lies for a negro^ or an Indian brought into England, 3 Mod. 120, or if one takes a wife or a child or apprentice of another.
This original writ is now out of use, being superseded by a judicial writ issued by a Court in all cases where homine replegiando lay, to have the body returned, the right to the custody determined, and the person discharged or remanded. By statute- 56, Geo. III, ch. 100, (1816) Rev. Code, ch. 55, sec. 10, this jurisdiction ifc extended to a single Judge in vacation time when any person shall' be imprisoned or otherwise restrained of his liberty for any other cause than the commission of a criminal offence. Musgrove vs. Kornegay, 7 Jones, 71, is an instance of a suit under this statute ; it was. a contest -in respect to minor fchildren instituted by a writ of habeas corpus and brought to the Supreme Court by appeal. Pine vs. Hight, 6 Jones, 265, is another instance ; it was a contest as to. an apprentice, decided on habeas corpus before a single Judge on a writ sued out by the ailedged *145 apprentice. 3 Keb., 5, 25, sec. 2, Lev. 128, 1 Strange, 444. A young lady brought before a Judge on habeas corpus by one who claimed her as his wife. Many other cases might be referred to, in all of w.hich the proceeding is treated as a civil suit to determine the'right to the custody-or services of.a person.. 3» A writ of habeas corpus ad testificandum to bring up a ..prisoner to give evidence before a Court. 4. A writ of habeas corpus ad responden-dum.. 5. A writ of habeas corpus ad faciendum et recipien-dum. 6. A writ of habeas corpus ad deliberandum et recipiendum.
It seems to me perfectly "clear that the clause of the Constitution giving power to Congress to suspend the-writ of habeas corpus refers only to the writ of habeas corpus ad subjiciendum when a person stands committed or1 detained as a prisoner for a crime 'within 31 Charles II ch, 2, Bev, Code, eh. £5, sec. 1, and.does not include the other writs.
Our Constitution, with a few alterations, is taken from that of the' United States ; wlrch. rests on the Constitution of England as its substratum, with some. modifications, conferring certain powers on the legislative branch of the government, which, in England, are .vested in the Crown. The clause in'the Constitution of the United States and of the Confederate States is in these words: ‘'“The privilege of the writ of habeas corpus shall not be suspended unless in case of rebellion or invasion when the public safety may require it.” These words do not confer the power affirmativelyj but by what is called a negative pregnant. ^n explanation of this is to be found in the history of the times. „ In England it was a vexed question whether Parliament • could suspend the privilege of the wrifbf habeas corpus.unless in cases of rebellion or invasion. There are some precedents for suspending it when there is no rebellion or invasion, but the authority of these *146 precedents is questioned. In 1-*1*1*1 Lord North brought in a bill to suspend the writ o'f habeas corpus in cases of treason or sedition committed in any of the Colonies. The bill was violently opposed. _ There was no rebellion or invasion in Great Britain, and it was denounced as unconstitutional and dangerous to liberty. Lord North had to yield and allow it to be amended by inserting a proviso-— Nothing in this act shall be construed to extend to persons- resident in Grekt Britain.” This concession gave extreme offence to the leaders of the high prerogative party, who had zealously supported the bill in its original state. Miller, Cont.. Hume and Smollett, , 187-’8. In framing the Constitution of the United States, the purpose was to settle this vexed question and to limit the power expressly to times of rebellion or invasion. So the occasions om' which the privilege of the -writ may be suspended is fixed by the. Constitution in so many words. In respect to the cases and the writs to which the suspension might be made to apply, no question had ever been raised. It was conceded by all persons of all partios, and at all times, that the suspension could only include cases of persons who stand committed or detained'as prisoners for some criminal or supposed criminal offence, treason, sedition and the like, and the writ applicable to such.cases. No precedent can be found among the rolls of Parliament, where the suspension has ever been made to extend to civil cases or the writs used in such cases, or to any of the other kinds ‘of the writ save that which is styled “ the writ of habeas corpus,” applicable to the case of persons committed for crime and within the provision 31, Charles II, ch. 2 Rev Code, ch. 55, sec. 1. Hence the woyds “ when the public safety may require it” were deemed sufficiently explicit in respect to the cases and the kind of writ* to which the suspension would apply. What reason can be conceived for extending the suspension to the writ oi habe-as corpus “ ad testificandum,” or the other inferior writs, *147 or to that kind, which is used as a civil remedy., and ■ is a civil suit substituted in place of the action homine repleg-iando, as in Musgrove vs. Kornegay Pine vs. Hight Sup, and the case of the lady claimed as a wife ; and others of a like nature with which the public are not directly concerned ? '
One would as soon expect to find in the Constitution power conferred on# Congress to suspend the right of a writ in ease for money had and received against tax collectors for an excess exacted under a wrong construction of'the tax bill, and paid under protest; or the right to a writ in trespass for false imprisonment against military officers for illegally arresting men as 'conscripts, with which cases the public interest may .indirectly be made to connect itself, as bearing on the amount of taxes collected, or the number of men put into the service. Suppose, by. 'reason of the difficulty put in the way of this kind of writ of habeas corpus, the old action, homihe replegiando, should be resorted to Will any one venture to say the suspension would ajqdy to that action ? It is worthy of remark that the special writ to the Sheriff, and summons to the j)arty detaining prayed for in this petition and authorized by the statute, 1862, are very similar to the process qsed in’ that action when bró.ught by the party restrained of his liberty.
On so grave a subject every word used must be supposed to have some import.; and every word used in this clause does import that the power of suspension has reference only to the writ applicable to the case of .persons imprisoned for crime.. “ The 'privilege.'’ When one is com'mitted to await his trial ibi’ a crime, it is a privilege to be allowed a writ whereby the legality of his arrest may be inquired of, and he may be discharged or admitted to bail.. But when one, who has not committed and is not supposed to have committed a criminal offence, is wrongfully restrained of his liberty ; that he should be allowed *148 to institute a civil suit to be relieved from the «onfinement, is a right which every State is bound to secure at all times to its citizens ; and these words must import that the power of suspension refers only to the former class of cases, otherwise ■ no meaning can., be attached to them. “ The writ of habeas corpus,” using thé definite article instead of “a writ.”' Why.? — to designate that kind which , hy way of pre-eminence, is called “ the Writ of habeas corp us. ” “ Shall no the suspended. ” The other ki nds of the writ never had been suspended or their suspension th'ought of,' so this negative points to that kind which had been before suspended, and in regard to which the pitblic mind had been, so frequently and so violently agitated. “ Unless in cases of rebellion or invasion tvhen the public safety may require it.” There is nothing in the purpose for which the other kinds of the writ are used that has the slightest reference to times of rebellion or invasion, or to'the pnblic.saíety ; but in times of internal commotion .it might affect the public safety if persons who had committed, or were'suspected of the intention to commit, treason, sedition or other like offences should be allowed to go at large; so these words also point to the suspension ot that kind of the writ which might be used to obtain á discharge, and put it in the power of such malefactors to carry out their treasonable and seditious practices. ' *
The remaining question is, does the case made by this petition present matter for a writ of habeas corpus under the first section of the statute,. “ if any person shall stand committed, &c., for a crime, he may, in the vacation time, complain to a Judge who, on view of a copy of the warrant of commitment, or otherwise on. oath, that it is denied, shall grant a writ of habeas corpus or does it present matter for a writ of habeas corpus as a, civil remedy to assert a private right under the 10th section, when any person shall be arrested or otherwise restrained of his lib *149 •erty “ for any other muse than the . commission of a criminal offence, he shall be entitled, upon its appearing by affidavit that there is reasenable ground for the complaint, to a writ of habeas corpus ?”
The case clearly falls under the 10th section.- ¿The petitioner does no-t.show that he was committed for a crime, blit that he is restrained of his liberty as a conscript. Heavers he is not liable to conscription, and asks for the writ as a civil remedy to establish his right under a contract. • I am to take it, until otherwise decided by the Supreme Court, that the act of Congress conscripting, principals of substitutes is unconstitutional according to the decision in Walton’s case : so there appears to be reasonable ground for the complaint.
■ .Will it be said Congr|ss has power to pass an act and then make it a crime to apply for a civil-remedy to test its constitutionality, and to suspend the privilege of habeas corpus so as. to exclude the question from the Courts ?(! !.!) I shall leave the proposition stated nakedly, to be looked at in silence as the best mode .of exposing its error.
The petitioner avers that he has been arrested and detained as a conscript, and makes a case for a writ under the 10th section, to which the power of suspension does not apply. Can the tables b.e turned so as put him in the condition of one committed or detained as a- prisoner for a crime, and make it a case for a writ under the 1st section, to which alone .the power of suspension 'loos apply ? This application' for a writ is a consequence, and not the cause of the ariest and detention complained of, and to detain the man as a prisoner for making the application, and substitute a certificate of that fact for a return to lh,e writ inverts the order of things. If he is detained as a prisoner he becomes-an encumbrance, and the purpose of using him as a conscript is defeated, unless there can be another magical change, by which he will no longer be consider *150 ed to be detained as a prisoner, but to be held as a conscript. The proposition requires no comment. •
The party is, im.my- opinion, entitled to a special writ.
May 22d, 1864.'